Andres Rodriguez v. Commissioner.
Rodriguez v. Commissioner
Docket No. 431-65.
United States Tax Court
T.C. Memo 1966-118; 1966 Tax Ct. Memo LEXIS 167; 25 T.C.M. (CCH) 628; T.C.M. (RIA) 66118; May 31, 1966
*167 Andres Rodriguez, pro se, 834 Beck St., Bronx, N. Y. Robert Gorin and Marie L. Garibaldi, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes and additions to tax under section 6653(a) of the Internal Revenue Code of 1954 for the calendar years 1959 and 1960 in the amounts of $435.42 and $421.50 and the amounts $21.77 and $21.08, respectively. The issues for decision are whether petitioner had income from tips in excess of the amount reported on his Federal income tax return for each of the years here in issue and whether petitioner was negligent in not maintaining records of the tips he received. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual residing in Bronx, New York, filed his Federal income tax returns for the calendar years 1959 and 1960 with the district director of internal revenue, Manhattan District, New York, New York. During 1959 and 1960 petitioner was employed as a waiter in the Cafe Pierre of the Hotel Pierre, located at Fifth Avenue and 61st Street in New York City. *168 During both of the years here in issue petitioner was rotated between the lunch-dinner shift from 12 a.m. to 7 p.m. and the dinner-supper shift from 7 p.m. to 12 p.m. Petitioner, as well as other waiters at the Cafe Pierre, had no permanent table station. Table stations were rotated among waiters. During the years 1959 and 1960 the Cafe Pierre provided entertainment after 10 p.m. and after that hour made a minimum charge of $4.50 per person. During these years the Hotel Pierre was a fine hotel catering to an elegant clientele. Petitioner's employment during the years here involved, as well as that of the other waiters at the Cafe Pierre, was covered by union contracts. In accordance with these contracts petitioner as a waiter at the Cafe Pierre, worked 5 days a week and was paid at the same rate as other waiters employed at the Cafe Pierre. The uniforms which petitioner was required to wear were supplied and laundered at the expense of his employer. During each of the years here in issue petitioner served alcoholic beverages at his assigned tables at the Cafe Pierre. Petitioner kept no record of the income he received from tips during the years 1959 and 1960 and the amounts *169 he reported as tips on his Federal income tax returns consisted of estimates. The Cafe Pierre did not keep records showing the amount of sales made by each waiter or the amount of sales made at any particular table location. It did keep records of total sales of food and beverages and of total bar sales. Petitioner on his income tax return for the calendar year 1959 reported income from tips of $920 and on his income tax return for the calendar year 1960 reported income from tips of $900. Respondent in his notice of deficiency increased petitioner's income from tips for the years 1959 and 1960 by the amounts of $2,451.69 and $2,397.67, respectively. Respondent also determined that petitioner was liable for the 5 percent addition to tax for negligent disregard of rules and regulations in each of the years 1959 and 1960. Opinion At the trial of this case petitioner testified that he did not keep records because he had always been in debt and making loans and that he thought he was being taxed too much. The only other evidence in the record consists of the stipulated facts which have been found and in summary recited in our findings, the testimony of an employee of the Hotel *170 Pierre, called as a witness by respondent, identifying the payroll and sales records of that hotel, and the testimony of an internal revenue agent, also called as a witness by respondent, giving the details of the basis of respondent's determination of the amounts received by petitioner as tips in the years here in issue. The testimony of this revenue agent was to the effect that he computed the total sales of food and beverages of the Cafe Pierre for each of the years 1959 and 1960 from the records kept by the Hotel Pierre. From the total sales he subtracted bar sales and multiplied the remainder by 12 1/2 percent to arrive at the estimated amount of tips received by all waiters at the Cafe Pierre. The agent then determined the percentage of the total amount of tips so computed to the total wages paid to all waiters at the Cafe Pierre for each of the years here in issue. The percentages so determined were reduced slightly to allow for variations among waiters and the reduced percentages applied to the wages paid to each waiter in each year to determine the tips received by such waiter in such year. The amount of tips received by petitioner in each of the years here in issue was *171 determined by respondent in accordance with the method outlined by the revenue agent in his testimony. Since petitioner failed to keep any records of the tips he actually received during the years 1959 and 1960, the method used by respondent to determine the amount of such tips was reasonable. The burden is on petitioner to show error in respondent's determination. Petitioner has totally failed to meet this burden. Petitioner has shown no justification for his failure to keep any records of the tips he received as required by statute and regulations. We therefore sustain respondent's determination. Carroll F. Schroeder, 40 T.C. 30 (1963). Decision will be entered for respondent.